JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Terrance Jackson

**(b)** County of Residence of First Listed Plaintiff   Camden County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Walker Diving Underwater Construction, LLC & Manafort Brother's Incorporated

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[X] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | [ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII")

Brief description of cause:
Employment Discrimination - Race & Disability

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
04/24/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____Philadelphia, Pennsylvania_____

---

**RELATED CASE IF ANY:**   Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.      Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TERRANCE JACKSON,                    :
          Plaintiff            :
                               :          CIVIL ACTION
      v.                            :          NO.
                               :
WALKER DIVING UNDERWATER          :
CONSTRUCTION, LLC and             :
MANAFORT BROTHERS INCORPORATED    :
          Defendant            :          JURY TRIAL DEMANDED

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Terrance Jackson, brings this action against his former employers, Walker Diving Construction, LLC and Manafort Brothers Incorporated. Plaintiff was discriminated against because of his race and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"). Plaintiff seeks compensatory, liquidated, and punitive damages and any other available relief pursuant to federal and state law.

### II. PARTIES

2. Plaintiff, Terrance Jackson, is an individual and a citizen of the State of New Jersey. He resides at 578w Loch Lomond Drive, Sicklerville, NJ 08081.

3. Plaintiff is an adult African American male and an individual with a disability that substantially limits one or more life activities and has a record of such impairment.

4. Defendant, Walker Diving Construction, LLC ("Walker Diving"), is Limited Liability Company with its headquarters located at 75 Waterford -Bue Anchor Road, Hammonton, NJ 08037.

5. Defendant Manafort Brothers Incorporated ("Manafort") is a corporation with its principal headquarters located at 414 New Britain Ave, Plainfield, CT 06062.

6. Both Defendants Walker Diving and Manafort are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendants Walker Diving and Manafort employed more than fifteen (15) employees.

8. At all times material hereto, Defendants Walker Diving and Manafort employed more than fifty (50) individuals within a seventy-five (75) mile radius of Plaintiff's worksite in Philadelphia, Pennsylvania.

9. At all times material hereto, Defendants Walker Diving and Manafort acted by and through theirs authorized agents, servants, workmen, and/or employees.

10. At all times material hereto, Defendants Walker Diving and Manafort acted as an employer within the meanings of the statutes which form the basis of this matter.

11. At all times material hereto, Plaintiff was an employee of Defendants Walker Diving and Manafort within the meanings of the statutes which form the basis of this matter.

12. At all times material hereto, Plaintiff was an employee of Defendants Walker Diving and Manafort within the meanings of the statutes that form the basis of this matter.

## III. JURISDICTION AND VENUE

13. The causes of action which form the basis of this matter arise pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), the Americans with

Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the

Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

14. The District Court has jurisdiction over Count I pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

15. The District Court has jurisdiction over Count II pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

16. The District Court has jurisdiction over Count III pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

17. The District Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367.

18. Venue is proper in the District Court under 28 U.S.C. § 1391(b), 42 U.S.C. § 12117(a), and 29 U.S.C. § 2617(a)(2).

19. On or about July 5, 2024, Plaintiff initiated the filing process with the Equal Employment Opportunity Commission ("EEOC") by completing and filing a Charge of Discrimination, complaining of the acts of discrimination alleged herein. The EEOC Charge was cross-filed with the Pennsylvania Human Rights Commission ("PHRC").

20. On or about April 13, 2026, the EEOC issued to Plaintiff a Notice of Rights Letter. Attached hereto, incorporated herein and marked as Exhibit "1" are true and correct copy of that notice.[1]

21. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

---

[1] For some reason unknown to Plaintiff, while only one EEOC Charge was filed against both Walker Diving and Manafort, for some reason the EEOC generated two separate charges and this issued 2 separate Rights to Sue Letters both of which are attached hereto.

## IV. FACTUAL ALLEGATIONS

### BACKGROUND

22. In or about May 2024, Plaintiff was assigned by his Union as a laborer to work for Defendant Walker Diving at a jobsite located in the area of 25th Street and Maton Street in Philadelphia, PA.

23. The jobsite was controlled by Defendant Manafort who contracted with Defendant Walker Diving to provide work at the jobsite.

24. During Plaintiff's tenure at the jobsite Plaintiff was the only African American employee working at the jobsite.

25. The jobsite contained portable restrooms for employees of Walker Diving and Manafort to use.

26. Prior to June 18, 2024, the portable restrooms remained unlocked during the work day.

27. On June 18, 2024, the portable restrooms were locked.

28. On June 18, 2024, Plaintiff, who has uncontrolled type 2 diabetes which causes difficulties with urine retention, needed to use the restroom.

29. Due to his medical condition and the restroom being locked Plaintiff needed to relieve himself immediately and with no restroom available, relieved himself as privately as possible.

30. Following this issue Plaintiff learned he was the only Manafort/Walker Diving employee who did not have access to a key to the restroom.

31. On or about June 19, 2024, a supervisory employee for Defendant Manafort named Bob commented and reprimanded Plaintiff for relieving himself.

32. Plaintiff explained to Bob that he did not have a key to the restroom and explained due to his health condition he had difficulty with urine retention.

33. No disciplinary action was taken at that time, but Plaintiff was not issued a key to the restroom and unlike the other Manafort/Walker Diving Employees at the jobsite Plaintiff had to ask for permission to utilize the portable restroom.

34. On June 26, 2024, Plaintiff was no longer called back by Defendant Walker Diving to the Manafort/Walker Diving jobsite.

35. Plaintiff was informed his told that the failure to call him back to the jobsite was due to "lack of work".

36. Following the June 26, 2024 termination of employment, Plaintiff drove passed the job site and saw not only the same number of employees working but the job was clearly ongoing and continuing.

37. When Plaintiff inquired again regarding his failure to be called back to the jobsite, the new rationale for Plaintiff's discharge from the jobsite was purportedly a combination of Defendant Manafort not wanting Plaintiff on the jobsite due to the restroom issue and that Defendant Walker Diving wanted to hire a Caucasian Employee who was a friend of Doug, Walker Diving's owner.

38. At all times Plaintiff was either a dual employee and/or independent contractor of Defendant Walker Diving and Manafort and had a direct contractual at will employment and/or independent contractor arrangement with both entities.

39. At all times relevant hereto, Plaintiff's race was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, which included, but is not limited to, Plaintiff's termination.

40. Defendants acted with malice and/or reckless indifference to Plaintiff' protected rights by terminating the only African American laborer at jobsite because of their race.

41. The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

42. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

43. At all times material hereto, Plaintiff was disabled within the meaning of the ADA and the PHRA.

44. At all times material hereto, Plaintiff was regarded as being disabled within the meaning of the ADA and the PHRA.

45. At all times material hereto, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

46. Plaintiff's disability was the determinative and/or motivating factors in connection with Defendants' discriminatory treatment of Plaintiff, including Plaintiff's termination.

47. As a direct and proximate result of Defendants' unlawful, improper, discriminatory conduct, Plaintiff has incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

48. The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages.

## COUNT I

49. Plaintiff incorporates herein by reference all previous paragraphs if set forth herein in their entirety.

50. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

51. Said violations were malicious and/or committed with reckless indifference against Plaintiff and warrant the imposition of punitive damages.

52. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

54. No previous application has been made for the relief requested herein.

## COUNT II

55. Plaintiff incorporates herein by reference all previous paragraphs as if set forth herein in their entirety.

56. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Section 1981.

57. Said violations were malicious and/or committed with reckless indifference against Plaintiff and warrant the imposition of punitive damages.

58. As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has sustained the injuries, damages and losses as set forth herein and has incurred attorney's fees and costs.

59. Plaintiff is now suffering, and will continue to suffer, irreparable harm and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT III

60. Plaintiff incorporates herein by reference all previous paragraphs as if set forth herein in their entirety.

61. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADA, which consisted of, without limitations, wrongfully terminating his employment.

62. Said violations were willful and intentional and warrant the imposition of punitive damages.

63. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein, and he has incurred attorney's fees and costs.

64. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

65. No previous application has been made for the relief requested herein.

## COUNT IV

66. Plaintiff incorporates herein by reference all previous paragraphs as if set forth herein in their entirety.

67. Defendants, by the above discriminatory and retaliatory acts, have violated the PHRA.

68. Said violations were intentional and willful.

69. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and she has incurred attorney's fees and costs.

70. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

71. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and equitable relief to the extent that he has been harmed by Defendants' conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the Section 1981;

(c) declaring the acts and practices complained of herein to be in violation of the ADA;

(d) declaring the acts and practices complained of herein to be in violation of the PHRA;

(e) enjoining and restraining permanently the violations alleged herein;

(f) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(g) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' discriminatory and retaliatory conduct;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' discriminatory and retaliatory conduct;

(i) awarding punitive damages to Plaintiff pursuant to the ADA;

(j)  awarding Plaintiff the costs of this action, expert fees and other disbursements, and
     reasonable attorney's fees;

(k)  awarding Plaintiff such other damages as are appropriate pursuant to the ADA and the
     PHRA; and,

(l)  granting such other and further relief as this Court may deem appropriate.

Dated: 04-24-2026

SBARBARO LAW OFFICES, LLC
BY: s/ AARON B. GORODETZER
Aaron B. Gorodetzer, Esquire (Pa. Attorney ID No. 203384)
705 Gordon Drive
Exton, PA 19341
610-344-7300, 610-441-7523 (fax)
Attorneys for Plaintiff

# EXHIBIT 1



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/13/2026

**To:** Terrance Jackson
578w Loch Lomond Drive
Sicklerville, NJ 08081

Charge No: 530-2024-07370

EEOC Representative and Phone:   Legal Unit Representative
(267) 589-9707

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2024-07370.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
04/13/2026
Karen McDonough
Deputy Director

**Cc:**
David Earp
Walker Diving Underwater Construction LLC
75 Waterford Road
Hammonton, NJ 08037

NA NA
75 Waterford Road
Hammonton, NJ 08037

Aaron B Gorodetzer Esq.
705 Gordon Drive
Exton, PA 19341


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2024-07370 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2024-07370 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 4/13/2026

**To:**   Terrance Jackson
578w Loch Lomond Drive
Sicklerville, NJ 08081

Charge No: 530-2024-07372
EEOC Representative and email:     State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  4/13/2026

Karen McDonough
Deputy District Director

cc:     For Respondent                                    For Charging Party
Andrea M Kirshenbaum                      Aaron Gorodetzer Esq.
Littler Mendelson, PC                          Sbarbaro Law Offices, LLC
1601 Cherry St., Suite 1400                705 Gordon Drive
Philadelphia, PA 19102                       Exton, PA 19341

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number: 530-2024-07372 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number: 530-2024-07372 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.